FILED
CLERK
2:55 pm, Mar 06, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

J & J SPORTS PRODUCTIONS, INC.,

                Plaintiffs,

      -against-

CLASSICO BAR INC., ROSALINA JOHNSON,
RUDI B. VARGAS,

                Defendant(s).
------------------------------------------------------------------X

**ADOPTION ORDER**
2:16-cv-05639 (ADS) (SIL)

**APPEARANCES:**

**Paul J. Hooten & Associates**
*Attorneys for the Plaintiff*
5505 Nesconset Highway, Suite 203
Mt. Sinai, NY 11766
      By:    Paul J. Hooten, Esq., Of Counsel

**NO APPEARANCES:**
**Classico Bar Inc., Rosalina Johnson, Rudi B. Vargas**
*The Defendants*

**SPATT, District Judge:**

      On June 9, 2017, the Plaintiff J & J Sports Productions, Inc. (the "Plaintiff") filed a motion for default judgment against the Defendants Rosalina Johnson ("Johnson") and Rudi B. Vargas ("Vargas") (collectively, the "individual Defendants"). On February 13, 2018, United States Magistrate Judge Steven I. Locke issued a report and recommendation (the "R&R") recommending that the Plaintiff's motion be denied.

      Presently before the Court are the Plaintiff's objections to the R&R. For the following reasons, the R&R is adopted in its entirety.

1

# I. DISCUSSION

## A. The R&R

The R&R found that the Plaintiff failed to establish that the Court should hold the individual Defendants vicariously liable for the Defendant Classico Bar Inc.'s ("Classico") alleged infringement of Section 605 of the Federal Communications Act of 1934 (the "FCA"). While the R&R acknowledged that it is possible to hold officers of a company liable for violations of the FCA where they either contributed to the infringement, or where they had a "right and ability to supervise that coalesced with an obvious and direct financial interest in the exploitation of copyrighted materials," (R&R at 5 (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997) (internal alterations omitted))), the R&R found that the Plaintiff had not alleged that the individual Defendants contributed to the infringement, and had only alleged, in a conclusory fashion, that they had a right and ability to supervise. The R&R said that:

> These allegations fail to identify any actions the Individual Defendants specifically took, and do not permit the Court to infer that Johnson or Vargas were positioned to supervise the infringing broadcast, or directly "participated in, authorized or ha[d] knowledge of the violation." *J & J Sports Prods., Inc. v. Emily Bar Rest. Inc.*, No. 15-cv-6499, 2016 WL 6495366, at *2 (E.D.N.Y. Sept. 27, 2016), *Report and Recommendation adopted*, No. 15-cv-6499, 2016 WL 6495526 (E.D.N.Y. Nov. 2, 2016). Instead, the Complaint largely refers to the three Defendants together and fails to allege any direct participation, authorization, or knowledge of the violation on the part of Johnson or Vargas.

R&R at 6.

Furthermore, the R&R found that the Plaintiff had failed to establish that the individual Defendants had an "'obvious and direct financial interest' in the infringement," (*id.* at 6–7 (quoting *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, No. 15CV6505, 2016 WL 6905946, at *3 (E.D.N.Y. Nov. 23, 2016)); had failed to allege that the Defendants had charged a cover or

premium surcharge; and had failed to differentiate the approximately twenty-five viewers from the regular presence of patrons at Classico on a similar night.

Based on those findings, the R&R recommended that the Plaintiff's motion for default judgment against the individual Defendants be denied.

**2. The Plaintiff's Objections**

First, the Plaintiff recognized that there is a split among courts as to whether allegations similar to those made in its complaint support a finding of individual liability, and "acknowledge[d] that the cases cited by the Magistrate [Judge] support his conclusion." (Pl.'s Objections to the R&R at 2). Nevertheless, the Plaintiff asked this Court to follow the line of cases that support a finding of individual liability based on conclusory allegations that the individual defendants had supervisory control over the alleged events.

The Plaintiff largely quoted from decisions from outside the Second Circuit. The Plaintiff did cite to two cases from the Eastern District of New York, including one decision issued by this Court, *J & J Sports Productions, Inc. v. Can's Bar & Grill, Inc.*, No. 14-cv-3609 (ADS)(AYS) 2015 WL 3605662 (E.D.N.Y. June 3, 2015). However, the Court notes that in *Can's Bar & Grill*, the Court was only asked to consider whether the R&R contained any clear error.

Furthermore, the Plaintiff asked the Court to decline to follow the cases in this Circuit that hold that a Plaintiff is required to show that the individual Defendants financially gained from the alleged infringement. However, the Court notes that the Plaintiff does not cite to any cases from the Second Circuit supporting his contention that "the requirement of financial 'gain' misstates the standard." (Pl.'s Objections to the R&R at 7).

3

### 3. The Relevant Legal Standard

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). A district court must conduct a *de novo* review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon,* 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith,* 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.,* No. 07–CV–6865, 2008 WL 4810043, at *1 (S.D.N.Y. Oct. 31, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14CV3776SLTJO, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (quoting *Ortiz v. Barkley,* 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008))). "The goal of the federal statute providing for the assignment of cases to magistrates is to

increase the overall efficiency of the federal judiciary." *McCarthy v. Manson,* 554 F. Supp. 1275, 1286 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) (quoting *Nettles v. Wainwright,* 677 F.2d 404, 410 (Former 5th Cir. 1982) (*en banc*)) (footnote omitted). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### 4. Application to the Plaintiff's Objections

Reviewing the R&R *de novo*, the Court concurs in both its reasoning and result. As stated above, the Plaintiff only identified two cases from the Second Circuit where courts found that facts similar to those alleged by the Plaintiff here were sufficient to hold individual defendants vicariously liable. In one of those cases, this Court was only asked to consider whether a report and recommendation contained clear error. *Can's Bar & Grill, Inc.*, 2015 WL 3605662.

Here, the Court finds that the Plaintiff has only engaged in a "formulaic recitation of the elements of a cause of action," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 929 (2007)), in alleging that the individual Defendants as "officers, directors, shareholders and/or principals of [Classico] . . . had a right and ability to supervise the infringing activities . . . ." (Compl. ¶¶ 5, 16). Therefore, the Plaintiff has failed to establish that the individual Defendants specifically "participated in, authorized or ha[d] knowledge of the violation." *Emily Bar Rest.*, 2016 WL 6495366, at *2.

To that end, the Court agrees with those courts in this circuit that have required more than a formulaic recitation that the individual defendants exercised control over the subject premises.

5

*See, e.g., J & J Sports Prods., Inc. v. El Sonador Cafe Rest. Inc.*, No. 17-CV-3357, 2017 WL 6397731, at *3 (E.D.N.Y. Dec. 14, 2017); *J & J Sports Prods. Inc. v. Los Toritos Bar Rest. Inc.*, No. 15-CV-6517 (SJ) (ST), 2017 WL 4838819, at *4 (E.D.N.Y. Sept. 11, 2017), *report and recommendation adopted*, No. 15-CV-6517 (SJ) (ST), 2017 WL 4838758 (E.D.N.Y. Oct. 24, 2017); *J & J Sports Prods. Inc. v. GPN Bar Inc.*, No. 15-CV-6504 (FB) (ST), 2016 WL 8139019, at *4 (E.D.N.Y. Dec. 15, 2016), *report and recommendation adopted sub nom. J&J Sports Prod. Inc. v. GPN Bar Inc.*, No. 15-CV-6504 (FB) (ST), 2017 WL 435785 (E.D.N.Y. Feb. 1, 2017); *J & J Sports Prods. Inc. v. Johnny's Rest.*, No. 15-CV-6645 (NG) (ST), 2016 WL 8254906, at *4 (E.D.N.Y. Dec. 15, 2016), *report and recommendation adopted sub nom. J&J Sports Prods., Inc. v. Johnny's Rest., Bar & Lounge, Inc.*, No. 15-CV-6645 (NG)(SLT), 2017 WL 591143 (E.D.N.Y. Feb. 14, 2017); *LX Food Grocery*, 2016 WL 6905946, at *3; *Emily Bar Rest.*, 2016 WL 6495366, at *2.

Furthermore, the Plaintiff has failed to establish that the individual Defendants had an "obvious and direct financial interest." *LX Food Grocery*, 2016 WL 6905946, at *3 (internal citation omitted). As the Court stated in *LX Food Grocery*, where courts have imposed vicarious liability under similar circumstances,

> the plaintiff had typically made a stronger showing of financial gain. In some cases, the plaintiff showed direct financial gain, such as a cover charge on the night of the event. In other cases, the plaintiff presented strong indirect evidence of financial gain, such as a bar hosting a large number of patrons, who would presumably purchase drinks during the broadcast.

*Id.* (collecting cases). Many of the cases cited above also held that such a showing is required. *See, e.g., El Sonador Cafe Rest.*, 2017 WL 6397731, at *3; *Los Toritos Bar Rest.*, 2017 WL 4838819, at *4; *GPN Bar*, 2016 WL 8139019, at *4; *Johnny's Rest.*, 2016 WL 8254906, at *4; *LX Food Grocery*, 2016 WL 6905946, at *3; *Emily Bar Rest.*, 2016 WL 6495366, at *2.

Here, as the R&R pointed out, the Plaintiff did not state whether or not the Defendants charged a premium or a cover that night, and failed to differentiate between patrons there to watch the event from patrons who would be there on a regular night.

While the Plaintiff states that the individual Defendants are the principals identified on the liquor license, this neither suggests that they "had anything to do with the decision to display the Event on [the establishment's] television screens," or "that [they] had an obvious and direct financial interest in the exploitation of the Event." *J & J Sports Prods., Inc. v. El Ojo Aqua Corp.*, No. 13-CV-6173 (ENV) (JO), 2014 WL 4700014 (E.D.N.Y. Aug. 29, 2014), *report and recommendation adopted*, 2014 WL 4699704 (E.D.N.Y. Sept. 19, 2014).

Therefore, the Court agrees with the R&R that the Plaintiff has not established that the individual Defendants should be held vicariously liable. Accordingly, the R&R is adopted in its entirety, and the Plaintiff's motion for default judgment against the individual Defendants is denied.

**SO ORDERED.**

Dated: Central Islip, New York
March 6, 2018

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge